UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY GARDNER,

    Plaintiff,

Case No. 1:23-cv-1016

Hon. Hala Y. Jarbou

v.

TIMBER RIDGE WYOMING
APARTMENTS LLC, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil action brought by Ashley Gardner ("plaintiff") against defendants: Timber Ridge Wyoming Apartments LLC ("Timber Ridge"); Sterling Management LTD Inc ("Sterling"), Mindy Gardner, and Garrett Webster. Plaintiff's complaint identified Timber Ridge as her landlord, Sterling as the owner which "acts as the property management company for Timber Ridge," and Mindy Gardner and Garrett Webster as property managers for Timber Ridge and employees of Sterling. *See* Compl. (ECF No. 1, PageID.8, 12). This matter is now before the Court on defendants' motion to dismiss (ECF No. 9). Defendants' motion is unopposed.

    **I.**    **Background**

The complaint sets forth the following allegations. Plaintiff is an African-American woman. On March 13, 2023, plaintiff signed a lease to rent Apartment 11 for $1,649.00 per month and moved into the apartment. Compl. at PageID.8, 12. From April 2023 through June 2023, plaintiff experienced racial discrimination which involved defendants failing to provide maintenance and failing to address illegal activity at the apartment complex. The maintenance deficiencies included: mold under the sink; a broken hall light; no air conditioning for two months;

a broken front entrance door which allowed anyone to gain access to the building; an infestation of bugs in her apartment due to "mattresses filled with bugs left in the hallway for months"; and the smell of dog urine from the common hallway. *Id*. at PageID.8-9. The illegal activity included "[t]he neighbor across the hallway had an unauthorized guest that kept coming onto the property in [sic] odd hours of the morning screaming and yelling; and, in August 2023 "the young lady with other women came back to the property this time with a butcher knife in an attempt to stab the neighbor" who "almost stabbed me to death as I was leaving [for work] at 6AM" which was witnessed by her children. *Id*. at PageID.9-10.

Plaintiff emailed defendant Mindy Gardner and asked for a new apartment. *Id*. at PageID.10. One week later, defendant Gardner filed an eviction action against plaintiff in Michigan's 62A District Court. *Id*. That court's register of actions shows that defendants filed the complaint for non-payment of rent on August 8, 2023 and that a "pre-trial" was held on August 15, 2023. *See* Court Register (ECF No. 10-2). Plaintiff acknowledged that she had withheld rent from defendants. Compl. at PageID.10. When plaintiff showed up for court, defendant Gardner or her attorney "stated I owed upward to three thousand dollars for unpaid rent. She never spoke of the reasoning for the rent withholding." *Id*. Plaintiff also alleged:

> 41. The next day I filed bankruptcy to throw out the illegal eviction and Timber Ridge Apartments was notified of said filing.
>
> 42. At this point Timber Ridge Apartments began addressing some of the concerns in my original complaints which included fixing the front door and hallway light.
>
> 43. I then took certified funds in the amount of $3600.00 to Timber Ridge Apartments over the monetary value requested in their complaint submitted to the 62A District Court.

*Id*.

Plaintiff filed a Chapter 7 bankruptcy petition on August 17, 2023. *See In re: Ashley Gardner*, No. 23-01873 (Bankr. W.D. Mich.); Notice of Bankruptcy Filing (ECF No. 1-10, PageID.29). The bankruptcy court appointed Marcia R. Meoli as trustee on that date. *Id*. Due to the bankruptcy stay, the 62A District Court administratively closed defendants' eviction action on August 22, 2023 (ECF No. 10-2, PageID.125).

About one month later, on September 25, 2023, plaintiff filed this *pro se* lawsuit against defendants for incidents which arose prior to the date she filed the bankruptcy petition.

**Count I.** Violation of 42 U.S.C. § 1981 against all defendants for creating a hostile environment based on race in violation of plaintiff's rights to make and enforce contracts. *Id*. at PageID.13.

**Count II.** Violation of 42 U.S.C. § 1982 against all defendants for creating a hostile environment based on race in violation of plaintiff's rights to use and convey real property. *Id*. at PageID.13-14.

**Count III.** Violation of the Fair Housing Act (FHA), 42 U.S.C. § 3604(b) against all defendants for creating a hostile environment based on race and color in violation of plaintiff's rights protected by the FHA. *Id*. at PageID.14.

**Count IV.** Violation of the FHA, 42 U.S.C. § 3617 against all defendants for creating a hostile environment based on race and color in violation of plaintiff's rights protected by the FHA. *Id*. at PageID.14.

**Count V.** Violation of M.C.L. § 37.2302 against all defendants for creating a hostile environment based on race in violation of plaintiff's rights protected by the Michigan Human Rights Law [Elliott-Larsen Civil Rights Act] and subjected her to different conditions or privileges of rental on the basis of race and color. *Id*. at PageID.14-15.

**Count VI.** Violation of M.C.L. § 37.2302 against all defendants for creating a hostile environment based on race in violation of plaintiff's rights protected by the Elliott-Larsen Civil Rights Act and aided and abetted unlawful discrimination against her on the basis of race and color. *Id*. at PageID.15.

**Count VII.** Common law negligent infliction of emotional distress as to all defendants for failing to investigate and intervene in response to her maintenance requests and the neighbor's illegal conduct, which placed plaintiff in imminent danger of physical harm, unreasonably endangered her physical safety, and caused plaintiff to fear for her physical safety causing her severe emotional distress. *Id*. at PageID.15.

**Count VIII.** Common law breach of contract as to all defendants for breaching the agreement to ensure quiet enjoyment of her home. *Id*. at PageID.16.

**Count IX.** Common law intentional infliction of emotional distress as to all defendants for their employees' threats and racial discrimination which constituted extreme and outrageous conduct and done with the intent to cause severe emotional distress. *Id*. at PageID.16.

Plaintiff's requested relief includes declaratory judgments, a permanent injunction, compensatory damages for $11,543.00 of rent paid, other compensatory damages, and punitive damages. *Id*. at PageID.16-17.

**II.**     **Legal Standard**

Defendants moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief may be granted. Defendant's Motion (ECF No. 9). A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)  (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.  Finally, plaintiff attached a number of exhibits to her complaint. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Discussion

#### A. Plaintiff's pending bankruptcy

Defendants note that the 62A District Court stayed the eviction case and contend that "[t]his case, similarly, should be stayed pending the outcome of the Bankruptcy case or until the U.S. Bankruptcy Court lifts the stay." *Se*e Defendants' Brief (ECF No. 10, PageID.62). However, defendants do not develop this argument.

5

Nevertheless, plaintiff's bankruptcy petition raises a standing issue which this Court should address sua sponte. "Article III standing is a jurisdictional requirement that cannot be waived, and such may be brought up at any time in the proceeding. Fed. R. Civ. P. 12(h)(3)." *Zurich Insurance Company v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

Here, plaintiff's Counts I, II, III, and IV appear to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1] However, plaintiff does not have standing to sue defendants for the claims alleged in her complaint because all of these claims accrued before plaintiff filed her bankruptcy petition on August 17, 2023. As the Court explained in *Cahoo v. FAST Enterprises LLC*, 508 F. Supp.3d 162 (E.D. Mich. 2020):

> When an individual files for bankruptcy, a bankruptcy estate is created, which consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The bankruptcy estate includes all causes of action that accrued before the bankruptcy petition was filed, even if

---

[1] On the pre-printed form complaint, plaintiff also indicated that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Compl. at PageID.3. However, plaintiff did not allege any facts to support diversity jurisdiction. *See id*. at PageID.3-4. Furthermore, plaintiff's attached typewritten complaint omitted a claim of diversity jurisdiction, referring to the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the related state law claims. *Id*. at PageID.7. Finally, plaintiff claimed federal jurisdiction under 28 U.S.C. § 1337 ("Commerce and antitrust regulations; amount in controversy, costs"), 28 U.S.C. § 1343 ("Civil rights and elective franchise"), and 28 U.S.C § 2201 ("Creation of remedy") but did not articulate how these statutes apply to her claims.

the debtor did not disclose it. *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012). Thus, once a debtor files a bankruptcy petition, the debtor " 'has no standing to pursue' [a pre-petition cause of action] alone." *Ibid*. (quoting *Bauer v. Commerce Union Bank*, 859 F.2d 438, 440-41 (6th Cir. 1988)).

To determine whether a cause of action is pre-petition, which belongs to the estate, or post-petition, which belongs to the debtor, the Sixth Circuit applies the approach described in *Segal v. Rochelle*, 382 U.S. 375, 380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). *Under Segal*, pre-petition assets are those that are "'sufficiently rooted in the pre-bankruptcy past' of the debtor." *Tyler v. DH Cap. Mgmt., Inc.*, 736 F.3d 455, 461 (6th Cir. 2013) (quoting *Segal*, 382 U.S. at 380, 86 S.Ct. 511). "Pre-petition conduct or facts alone will not 'root' a claim in the past; there must be a pre-petition violation." *Id*. at 462. The Sixth Circuit made clear that "accrual for the purposes of § 541 is different from accrual for statute-of-limitations purposes" and that "the relevant bankruptcy-law question is when the claim is minimally actionable, not whether the claim is fully mature." *Id*. at 463, 464. Thus, "all causes of action that hypothetically could have been brought pre-petition are property of the estate." *Ibid*. (quoting *Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 169 n. 5 (3d Cir. 2002)).

The issue ultimately boils down to when the causes of action for each plaintiff accrued relative to when they filed for bankruptcy.

*Cahoo*, 508 F. Supp. 3d at 179.

As discussed, *supra*, plaintiff's claims arose from defendants' alleged failure to maintain the apartment, failure to address her safety complaints, and discriminatory acts against her from March 13, 2023 (plaintiff's move in date) through August 8, 2023 (the filing of the state court eviction action). All of these claims accrued before plaintiff filed the bankruptcy petition on August 17, 2023. With respect to plaintiff's federal claims brought pursuant to § 1981, § 1982, and the FHA, "[f]ederal law determines when the statute of limitations begins to run, that is, when the cause of action accrues." *Kennedy v. City of Zanesville, OH*, 505 F. Supp. 2d 456, 489 (S.D. Ohio 2007) (citing *Sevier v. Turner*, 742 F.2d 262, 272). "Under federal law, a civil rights claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Breeding v. Lange*, No. 1:07-cv-971, 2009 WL 2901195 at *8 (W.D. Mich. Sept. 3, 2009) (quoting *Sevier*, 742 F.2d at 273). Based on the allegations in her complaint, plaintiff was

7

aware of her injuries which arose from defendants' alleged race discrimination before she filed for bankruptcy on August 17, 2023.  In this regard, plaintiff alleged that she filed a complaint with HUD for discrimination on May 29, 2023.  Compl. at PageID.9.

With respect to plaintiff's pendent state law claims, the general rule in Michigan is that "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."  M.C.L. § 600.5827.

> For purposes of MCL 600.5827, the term 'wrong' refers to the date on which the plaintiff was harmed by the defendant's act, not the date on which the defendant acted negligently . . . Accordingly, a cause of action for a tortious injury accrues when all the elements of the claim have occurred and can be alleged in a proper complaint.

*Schaendorf v. Consumers Energy Co.*, 275 Mich. App. 507, 512, 739 N.W.2d 402, 406 (2007). Based on the allegations in the complaint, the "wrongs" occurred and plaintiff suffered harm before she filed for bankruptcy.  In this regard, plaintiff responded to defendants' "wrongs" by withholding rent, which led to the state court eviction proceedings.  For all of these reasons, plaintiff's complaint should be dismissed *sua sponte* for lack of standing.

### B.     Failure to oppose

Furthermore, even if the Court assumed that plaintiff had standing to file this lawsuit, defendants' motion to dismiss should be granted because plaintiff did not respond to defendants' motion as required by the court rules.  W.D. Mich. LCivR 7.1(a) requires that "[a]ny party opposing a written motion shall do so by filing and serving a brief conforming to these rules" and W.D. Mich. LCivR 7.2(c) requires that "[u]nless otherwise ordered, any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials."  A plaintiff's failure to file a response to a motion to dismiss is fatal to the plaintiff's position and deemed a waiver of opposition to the relief sought in the

motion.  *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim for breach of fiduciary duty amounts to a forfeiture of that claim).  *See also*, *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (same); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (granting defendant's motion to dismiss where "Plaintiff fatally provides no opposition to Defendants' arguments") (citing *Scott*, *Notredan*, and *Humphrey*).   For these reasons, defendants' motion to dismiss should be granted.

### IV. Recommendation

Accordingly, I respectfully recommend that defendants' motion to dismiss (ECF No. 9) be **GRANTED** and that this case be **terminated**.

Dated:  June 6, 2024                                  /s/ Ray Kent
                                                      RAY KENT
                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).