UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY GARDNER,

    Plaintiff,

v.

TIMBER RIDGE WYOMING
APARTMENTS LLC, et al.,

    Defendants.
_____/

Case No. 1:23-cv-1016

Hon. Hala Y. Jarbou

## **ORDER**

Plaintiff Ashley Gardner asserts various claims against her landlord and the property managers for an apartment she rented. (R&R, ECF No. 17.) The magistrate judge determined that the Court lacks subject matter jurisdiction because her claims accrued before she filed for bankruptcy on August 17, 2023. (*Id.* at 7.) That bankruptcy filing deprived her of standing to bring her claims. (*Id.* at 6-7.) In addition, the magistrate judge notes that Plaintiff failed to respond to defendants' motion to dismiss, meaning that she waived opposition to the relief sought in that motion. (*Id.* at 8-9.) Before the Court are Plaintiff's objections to the R&R.

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

In her objections, Plaintiff does not address the standing issue stemming from her bankruptcy filing. Instead, she simply reiterates the validity of each of her claims. Plaintiff addresses the standing issue for the first time in a "reply" in support of her objections. However, the Court generally does not consider issues or arguments raised for the first time in a reply brief.

*See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).  Accordingly, her argument is waived.  Moreover, her argument is not persuasive.  She contends that she has standing because Defendants' actions are continuing and the violations against her are ongoing.  She provides no support for this contention.  She identifies no allegations in her complaint that would give rise to a claim accruing after the date of her bankruptcy filing.  The ongoing nature of the harm does not alter the accrual date or change the standing analysis.  Thus, the Court lacks subject matter jurisdiction over Plaintiff's case.

As to Plaintiff's failure to respond to Defendants' motion to dismiss, Plaintiff acknowledges her failure, but she does not explain why it happened.  In other words, she does not give the Court reason to believe that there is good cause to excuse her failure.  Thus, the Court agrees that she waived her opposition to the motion.  Consequently, even if the Court possessed subject matter jurisdiction, dismissal would be warranted.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 17) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the relief sought by Defendants' motion to dismiss the complaint (ECF No. 9) is **GRANTED** for the reasons discussed in the R&R.

**IT IS FURTHER ORDERED** that the Court declines to certify that an appeal would not be taken in good faith.

The Court will enter a judgment consistent with this Order.

Dated: July 8, 2024                             /s/ Hala Y. Jarbou
                                                HALA Y. JARBOU
                                                CHIEF UNITED STATES DISTRICT JUDGE